IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 11 |
| UNITED MOBILE SOLUTIONS, LLC, ) | |
| ) | CASE NO. 16-62537 |
| **Debtor.** ) | |
| ) | |
| UNITED MOBILE SOLUTIONS, LLC, ) | |
| ) | |
| ) | |
| **Movant,** ) | |
| ) | CONTESTED MATTER |
| VS. ) | |
| ) | |
| T-MOBILE USA, INC., ) | |
| JP MORGAN CHASE BANK, NA, ) | |
| NOWACCOUNT NETWORK CORP., ) | |
| CURVE COMMERCIAL SERVICES, LLC, ) | |
| AND PROCUREPAL, LLC, ) | |
| ) | |
| **Respondents.** ) | |

**DEBTOR'S EMERGENCY MOTION REQUESTING
ENTRY OF ORDER AUTHORIZING THE USE OF CASH COLLATERAL**

COMES NOW United Mobile Solutions, LLC ("Debtor"), and hereby files this "Emergency Motion Requesting Entry of Order Authorizing the Use of Cash Collateral" (the "Motion"). In support of the Motion, Debtor shows the Court as follows:

**Jurisdiction**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein is 11 U.S.C. §§ 105(a) and 363.

**Background**

2. On July 20, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (as amended, modified, or supplemented the "Bankruptcy Code").

3. Debtor is a Georgia Corporation and as its business, Debtor is a carrier master dealer that operates and manages approximately 20 retail cellular phone stores. Debtor's corporate offices are located in Norcross, Georgia (the "Business").

4. The Business generates an average of $193,700.00 in revenues each month. On the Petition Date, Debtor had approximately $87,867.00 in available cash.

5. Pursuant to Bankruptcy Code Sections 1107 and 1108, Debtor continues to operate its business as a debtor-in-possession. Debtor is currently a debtor-in-possession and seeking to restructure and reorganize and is taking any and all actions necessary to preserve, protect, and maximize the value of the estate and effectively reorganize.

6. In order to effectively reorganize, Debtor must have access to cash to pay the operating expenses of the Business. If Debtor does not have the authority to use its available cash to pay operating expenses of the Business, including insurance, rent, taxes and payroll of the Business, the going concern value will be significantly harmed and the estate and creditors will be negatively affected.

**Liens**

7. Upon information and belief, T-Mobile USA, Inc. ("T-Mobile") asserts a first priority lien upon and security interest in Debtor's assets including all accounts and other assets as more particularly described in the UCC Financing Statement number 065-2011-000982 filed on November 4, 2011 in the records of Grady County, Georgia.

8.      A review of the lien records reveals that junior liens holders additionally assert a lien or security interest in Debtor's rights to payment, accounts and other items which may constitute Cash Collateral.  A list of such known asserted junior creditors is attached hereto as Exhibit "A."

**Relief Requested**

10.     By this Motion, Debtor requests that the Court enter an order authorizing Debtor's use of cash collateral based on the Budget attached hereto as Exhibit "B".  Simultaneously with the filing of this Motion, Debtor is filing a motion requesting permission to make Debtor's next payroll, which is due to be paid on July 30, 2016.  Debtor requests the court hold an expedited interim hearing on this Motion on or before Friday, July 22, 2016 to prevent any harm to Debtor's ongoing business operations as Debtor must have the ability to continue operating in the ordinary course of business.

**Basis for Relief**

11.     Section 363(c)(2) provides that a debtor in possession may not use Cash Collateral unless an entity that has an interest in such cash collateral consents or the court approves the use of such cash collateral.  Section 363(p) provides that at a hearing on the use of cash collateral, the entity asserting an interest in the cash collateral has the burden of proof on the issue of the validity, priority, or extent of such interest.   Rule 4001(b)(2) provides that the Court may not hold a final hearing on a motion to use cash collateral earlier than 14 days after service of the motion, but may authorize the use of cash collateral prior to a final hearing as necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

12.     Debtor requests the Court enter an Order authorizing Debtor to use Cash Collateral generated from the Business and otherwise: (a) in accordance with the budget attached

3

hereto as <u>Exhibit</u> "<u>B</u>", the line items of which Debtor may modify by no more than fifteen percent (15%) and Debtor may carry over any unused budgeted amount, (b) for payment of U.S. Trustee fees and (c) or for other matters pursuant to orders entered by this Court after appropriate notice and hearing, except further provided that: (i) Debtor may pay the actual amount owed or deposit required to any utility, taxing authority, the United States Trustee or insurance company and (ii) Debtor shall be authorized to operate in the ordinary course of business in Debtor's business judgment.

13. Debtor has an immediate need to continue the operation of the Business and to protect the interests of the estate. Without the use of Cash Collateral and the ability to operate, Debtor will not be able to retain its employees and customers which are necessary to the continuity of Debtor's operations and effective reorganization.

14. The entry of an Order granting Debtor's Motion to use Cash Collateral will minimize disruption of the Debtor's Business and is in the best interests of Debtor's estate and its creditors. Therefore, it is in the interest of no one for any interruption to occur during Debtor's reorganization.

15. Notice pursuant to Federal Rule of Bankruptcy Procedure 4001(b) is being sent to all parties required by such rule. Specifically, notice of this Motion and any hearing thereon shall be provided to each Respondent, the United States Trustee and Debtor's creditors.

16. Debtor requests that the Court approve the expenditures listed in <u>Exhibit</u> "<u>B</u>" which are reasonably necessary for the continued operation of Debtor's business affairs.

WHEREFORE, for all of the above reasons, Debtor requests that the Court:

a) authorize the Debtor to pay the expenses and other expenditures reasonably necessary for the continued operation of the Debtor's Business to avoid

immediate and irreparable harm to the estate as detailed on Exhibit "B" and in this Motion;

      b)    schedule an expedited interim hearing on this Motion on or before Friday July 22, 2016; and schedule a final hearing on this motion, and

      c)    grant the Debtor such other and further relief as may be just and equitable.

RESPECTFULLY SUBMITTED this 20th day of July, 2016.

**JONES & WALDEN, LLC**

*/s/ Cameron M. McCord*
Cameron M. McCord
Georgia Bar No. 143065
Proposed Attorney for Debtor
21 Eighth Street, NE
Atlanta, Georgia 30309
(404) 564-9300
(404) 564-9301 Facsimile
cmccord@joneswalden.com

# Exhibit "A"
# Filed UCC Financing Statements

| Date Filed | Named Secured Party | County | Upon Information and Belief Holder of Asserted Obligation |
|---|---|---|---|
| 11/4/2011 | T-Mobile USA, Inc. | Grady | |
| 7/23/2012 | JP Morgan Chase Bank, NA | Barrow | |
| 12/16/2014 | NOWaccount Network Corporation | Gwinnett | Small Business Credit Cooperative, Inc. |
| 5/22/2015 | Curve Commercial Services, Inc. | Coweta | |
| 5/27/2015 | Procurepal, LLC | Coweta | |
| 9/17/2015 | Knight Capital Funding *** | Barrow | |

***Debtor shows that any of Debtor's obligations to Knight Capital Funding have been paid in full and satisfied; however, their UCC financing statements have not be terminated.  Accordingly, Debtor disputes that Knight Capital Funding holds a valid claim and any such asserted claim is disputed.

Debtor reserves the right to object to any and all claims, and nothing contained herein shall be deemed an admission regarding the nature, amount or validity of any claim.

# Exhibit "B"
# Monthly Budget

**Revenue**
| | |
|---|---|
| Terminal | $ 23,000 |
| T-Mobile | $ 122,700 |
| Metro | $ 48,000 |
| | **$193,700** |

**Expenses**
| | |
|---|---|
| Payroll | $125,354 |
| Rent + Utilities | $ 17,991 |
| Insurance | $   5,164 |
| Lubbock Payroll | $ 17,000 |
| UST Fees | $   1,219 |
| | **$166,727** |

**Net Income**          $ 26,973