IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | **CHAPTER 11** |
| **UNITED MOBILE SOLUTIONS, LLC,** ) | |
| ) | **CASE NO.   16-62537** |
| _____Debtor._____ ) | |
| ) | |
| **UNITED MOBILE SOLUTIONS, LLC,** ) | |
| ) | |
| ) | |
| Movant, ) | |
| ) | **CONTESTED MATTER** |
| VS. ) | |
| ) | |
| **T-MOBILE USA, INC.,** ) | |
| **JP MORGAN CHASE BANK, NA,** ) | |
| **NOWACCOUNT NETWORK CORP.,** ) | |
| **CURVE COMMERCIAL SERVICES, LLC,** ) | |
| **AND PROCUREPAL, LLC,** ) | |
| ) | |
| _____Respondents._____ ) | |

**MOTION REQUESTING ENTRY OF ORDER AUTHORIZING
PAYMENT OF PREPETITION WAGES, SALARIES, AND TAXES AND
REQUEST FOR EXPEDITED HEARING**

COMES NOW United Mobile Solutions, LLC ("Debtor"), by and through the undersigned counsel, and hereby files this "Motion Requesting Entry of Order Authorizing Payment of Prepetition Wages, Salaries, and Taxes and Request for Expedited Hearing" (the "Motion"). In support of the Motion, Debtor shows the Court as follows:

**Jurisdiction**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein is 11 U.S.C. §§ 105(a), 507(a)(4), and (a)(5).

**Background**

2.On July 20, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (as amended, modified, or supplemented the "Bankruptcy Code").

3.Debtor is a Georgia Corporation and as its business, Debtor is a carrier master dealer that operates and manages approximately 20 retail cellular phone stores. Debtor's corporate offices are located in Norcross, Georgia (the "Business").

4.Debtor has 20 employees who are paid a combined net monthly payroll of approximately $86,612.00 per month, which results in withholding and payroll taxes of approximately $38,742.00 per month.

5.Debtor's employees are paid on the 15th and last day of the month. Accordingly, the next payroll is payable on July 29, 2016 for services rendered from July 15, 2016 through July 29, 2016. The payroll due and owing for this period will be approximately $62,677.00.

**Relief Requested**

6.By this Motion, Debtor requests that this Court enter an Order under sections 507(a)(4), 507(a)(5) and 105(a) of the Bankruptcy Code authorizing Debtor to (i) pay to personnel their accrued prepetition compensation, if any, on regularly scheduled post-petition pay dates, (ii) confirming Debtor's authority to pay withholding and payroll-related taxes; and (iii) directing all banks to honor prepetition checks for payment of prepetition compensation claims.

**Basis for Relief**

7.As of the Petition Date, Debtor employed a total of 20 personnel who were entitled to compensation.

8.   Debtor is required by law to withhold from its payrolls, and remit to the appropriate taxing authorities, certain federal, state and local income taxes, social security, and Medicare taxes (collectively, the "Payroll Tax Obligations").  Debtor seeks authority to pay any such estimated Payroll Tax Obligations and unemployment taxes plus, any additional amounts of which Debtor may not be aware.

## Applicable Authority

9.   Pursuant to sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, a debtor's employee's claim for "wages, salaries, or commissions, including vacation, severance and sick leave pay" earned within 180 days before the Petition Date, and claims against Debtor for contributions to employee benefit plans arising from services rendered within 180 days before the Petition Date, are afforded unsecured priority status to the extent of $12,475.00 per employee. 11 U.S.C. § 507(a)(4) and (5).  Furthermore, section 363(b) of the Bankruptcy Code provides that a debtor in possession, "after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  Section 105(a) of the Bankruptcy Code further provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

10.   Debtor shows that the unpaid salaries and wages may constitute priority claims under sections 507(a)(4) and (a)(5) of the Bankruptcy Code.  Payment of such compensation is also necessary and appropriate and is authorized under section 105(a) pursuant to the "necessity of payment" doctrine, which "recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay prepetition claims where such payment is essential to the continued operation of the debtor."  Duparquet, Inc. v. Local Union No. 3, Int'l Bd. Of Elec.

Workers, 386 F.2d 649 (2d Cir. 1967) (separation pay obligations arising in connection with a post-petition employee lay-off are administrative claims).

11. Here, the post-petition stability of Debtor's workforce is integrally tied to Debtor's ability to continue business operations and reorganize its business and financial affairs. Any delay in payments to Debtor's workforce will impact Debtor's relationship with essential workers and may irreparably harm workforce morale, dedication, confidence, and cooperation. The support and efforts of Debtor's workforce during the pendency of the case is critical to Debtor's ability to maximize the value of its estate. At this early stage, Debtor cannot risk suffering the substantial damage to the business that would inevitably result from any decline in workforce morale.

12. In addition, for the workforce, the wages received from Debtor are needed to enable such persons to meet their own financial obligations. As a result, absent an order granting the relief requested in this Motion, the employees and their families are likely to suffer personal hardship and, in many instances, serious financial difficulties.

13. Similar relief to the relief requested herein has been granted in this and other courts. See, e.g., In re Tower Automotive, Inc., Case No. 05-10578 (Bankr. S.D.N.Y. Feb. 3, 2005); In re Interstate Bakeries Corp., Case No. 04-45814 (Bankr. W.D. Mo. Sept. 24, 2004); In re Git-N-Go, Inc., Case No. 04-10509 (Bankr. N.D. Okla. Feb. 13, 2004); In re Westpoint Stevens, Inc., Case No. 03-13532 (Bankr. S.D.N.Y. June 3, 2003); In re The Penn Traffic Company, Case No. 03-22945 (Bankr. S.D.N.Y. May 30, 2003). Debtor submits that the circumstances of this case warrant similar relief.

**Notice**

14.     Notice of this Motion will be given to: (i) the Office of the United States Trustee, (ii) Respondent, and (iii) the parties listed on Debtor's twenty (20) largest unsecured creditors list.  Debtor submits that, under the circumstances, no other or further notice is required.

**Request for Expedited Hearing**

15.     Debtor requests that this Court shorten any applicable notice period and schedule a hearing on this Motion on the earliest available calendar.  Simultaneously with the filing of the Motion, Debtor filed a Motion to Use Cash Collateral requesting a hearing on or before Friday, July 22, 2015.  Debtor requests that the Court hear this Motion at the same time as Debtor's Cash Collateral Motion. Maintaining a stable work force is essential to Debtor's reorganizational effort.  Failure to pay employees will result in hardship for the employees and their families.

WHEREFORE, Debtor respectfully requests that this Court schedule an expedited hearing on the Motion at the same time as Debtor's Cash Collateral Motion, grant the relief requested in the Motion and grant such other relief as may be just and proper.

RESPECTFULLY SUBMITTED this 20th day of July, 2016.

> **JONES & WALDEN, LLC**
>
> */s/ Cameron M. McCord*
> Cameron M. McCord
> Georgia Bar No. 143065
> Proposed Attorney for Debtor
> 21 Eighth Street, NE
> Atlanta, Georgia 30309
> (404) 564-9300
> (404) 564-9301 Facsimile
> cmccord@joneswalden.com